## CIRCUIT COURT OF FAIRFAX COUNTY

Irene C. Bettius
(formerly Irene B. Crippen)

v.

Stump Dump, Inc.,
Mack Slye Crippen, Jr., et al.

March 24, 1982

Case No. (Chancery) 60602

By JUDGE FRANKLIN P. BACKUS

The parties were married October 13, 1953. During the marriage they accumulated considerable real and personal property both jointly and separately. They lived off the proceeds from these properties and maintained joint bank accounts. They temporarily separated in 1976, again in June 1977, again from March 1, 1978, to May 1, 1978, and permanently on September 13, 1978. They were divorced in June 1980 and Irene Crippen resumed her maiden name of Bettius. The parties will hereafter be referred to as Bettius and Crippen.

Unable to settle property rights among themselves, six suits and one action were filed in this Court designated chancery numbers 69427, 68124, 71294, 71295 and 60602 and law number 50500. A pre-trial decree entered on June 12, 1981, ordered that all of these suits and action should be tried together. This memorandum is the Court's conclusions and findings in chancery suit 60602; however, testimony and exhibits numbered or lettered consecutively and designated "Joint," "Bettius" and "Crippen" were received in evidence when admissible in any of the proceedings and therefore should be considered when material to the issues in this chancery suit 60602.

By writing dated June 17, 1977, the parties stipulated that all property held by them, whether separately or jointly, was owned equally between them. This stipulation was attached to and affirmed by the Court in the decree of divorce between the parties dated July 31, 1980, in chancery suit 59564. By decree of June 4, 1981, the stipulation was construed to apply to all properties held by Bettius and Crippen on and prior to June 16, 1977, (see Joint Exhibits N-1 and N-2).

Prior to their divorce Bettius and Crippen owned as tenants by the entireties a tract of land known as "the landfill" and also as "Stump Dump." The divorce converted this tenancy to a tenancy in common.

Commencing in 1972 a landfill operation has been conducted on this property. This business was carried on by Bettius and Crippen for their joint benefit and has been a principal source of income for them. Its proceeds were deposited in a joint bank account and were used by them for their ordinary living requirements.

Bettius and Crippen also own other real and personal property, including, but not limited to, stock in Lockmeade, Inc., a solely owned and, by the stipulation of June 17, 1977, equally owned corporation. The distribution of the value of this corporation is before the Court in chancery suit 71294 and is mentioned here only because some of the proceeds from the "landfill" or "Stump Dump" operation were paid to it for services rendered to Stump Dump.

In January 1978 Crippen formed a corporation named Stump Dump, Inc. Crippen and Bob Johnson, the manager of the landfill, concluded that Bettius was a "disruptive force" to the landfill business and for that reason decided she should "be kept out of Stump Dump, Inc." One thousand shares of common stock in Stump Dump, Inc. were issued, nine hundred to Crippen, one hundred to Johnson, and Bettius was excluded. Crippen was named President and was paid a salary of $50,000.00 a year. Prior to the incorporation Crippen took no regular salary from the business but just "chunks of money" from the joint account of the parties.

Bettius testified that Crippen took charge in September 1978 and during 1979 she was excluded from the business and could not draw checks on the parties' joint account.

On April 3, 1978, Crippen, by his sole act, leased this landfill land owned by Bettius and Crippen as co-ten-

ants to his corporation, Stump Dump, Inc. (Bettius III 6(a)). Bettius was never shown the lease nor was she requested to sign it. Crippen took charge of the landfill business and thereafter operated it through Stump Dump, Inc. Bettius' name and authority were removed from the joint bank accounts. All this was without her knowledge or consent.

The Court concludes that Stump Dump, Inc. is the alter ego of Crippen. It is a corporation over which he has absolute control and its formation and the lease excluded the rights of Bettius to the use and enjoyment of the parties' jointly owned property except as determined by Crippen. The corporate veil is most transparent and as between the parties to this suit should be disregarded in equity.

This conclusion, together with the stipulation between the parties on June 7, 1977, leads the Court to further conclude from the evidence that one co-tenant has taken over the control and operation of an income-producing piece of jointly owned real estate by the formation of an almost totally owned and totally controlled corporation and lease of the property to that corporation by that one co-tenant acting separately and without the knowledge or consent of the other tenant. By this corporate device and lease by him to the corporation Crippen has appropriated to himself Bettius' property to his profit and he should return to her one-half of the net income produced by the property. If there was no lessee corporation, Bettius would without question be entitled to one-half of the net income from the landfill operation conducted by Crippen and his agents less any expenditures to their other businesses.

These findings do not preclude an offset from amounts derived from the landfill operation expended for the mutual benefit of Crippen and Bettius in this or their other mutual undertakings and affairs.

The evidence is that Stump Dump, Inc., was to pay rent for the use of the jointly owned property based on prior and then present receipts, and Crippen acknowledged that one-half was to go to Bettius. (See Crippen testimony on December 15, 1981.) The lease provided rent in the amount of $50,000.00 in 1979, $65,000.00 in 1980 and $72,000.00 in 1981. The corporation paid one-half of the rents to Crippen as follows: $25,000.00 in 1979, $32,500.00 in 1980 and $36,000.00 in 1981. One-half of

the rent prescribed by the Crippen-Stump Dump, Inc., lease was sent to Bettius and accepted by her in November and December of 1978. The preponderance of the evidence is that at the time Bettius accepted these checks she thought they were part of the income from the landfill business as formerly operated. In December 1978 Bettius learned of the incorporation and the Crippen-Stump Dump, Inc., lease. Thereafter she refused to accept further checks and has not accepted them since January 1, 1979, even though checks from Stump Dump, Inc., for one-half the rent amount agreed to by Crippen and the corporation have been tendered to her.

Neither has Crippen nor the corporation put these amounts in a separate account and presently the corporation does not have that amount in cash. The Court is of opinion, and so holds, that Irene C. Bettius should have joint judgment against Mack Slye Crippen, Jr., and Stump Dump, Inc., for $93,500.00 with interest from the date of the judgment order.

The evidence shows that Crippen was paid a salary of $50,000.00 in each of the years 1978, 1979 and 1981 and $45,000.00 in 1980. This was a net amount to him of $195,000.00 produced by the property.

The evidence shows that Crippen caused Stump Dump, Inc., to pay his personal expenses unrelated to the landfill operation in the amount of $4,545.39. (See Bettius Exhibits V-62, V-64 and V-63.)

The evidence shows that on November 21, 1979, Stump Dump, Inc., wrote a check to Lockmeade, Inc., for $3,850.00; that this check was endorsed and cashed by Crippen who kept the money. (See Bettius V-64c and testimony on December 15, 1981.)

The evidence shows that on September 15, 1978, Stump Dump, Inc., drew two checks in the amounts of $13,520.00 and $7,600.00 to the order of Olde Town Construction Co., that Crippen made the endorsement on the checks, cashed them and kept the money. (See Bettius V-64i and testimony on December 16, 1981, and January 7, 1982.)

The Court is of opinion, and so holds, that the amounts paid to Crippen in the last preceding four paragraphs were in reality paid from the joint funds of the parties and that Irene C. Bettius should have judgment against Mack Slye Crippen, Jr., for one-half of those amounts for a judgment amount of $112,257.69 with interest from the date of judgment.

By decree of partition in chancery 71295, the land designated landfill or Stump Dump was allotted to Crippen.

The Court is of opinion that allegations of waste and conspiracy are not well founded and should be dismissed. The requests for further accounting and attorneys' fees are denied.